310 E. 74 LLC v Mirea (2024 NY Slip Op 02131)

310 E. 74 LLC v Mirea

2024 NY Slip Op 02131

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 657182/21 Appeal No. 2114 Case No. 2023-05344 

[*1]310 East 74 LLC, Respondent,
v
Constantin Mirea et al., Appellants.

Rozen Law Group, New York (Orlando J. Watson of counsel), for appellants.
Rose & Rose, New York (Paul Coppe of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 29, 2023, which granted plaintiff's motion for partial summary judgment dismissing defendants's first, second, and fifth counterclaims, unanimously affirmed, without costs.
Supreme Court properly dismissed defendants' first, second, and fifth counterclaims in connection with asserted rent overcharges dating back to events in 2001. Defendants' claims are "subject to a four-year statute of limitations that preclude[s] the recovery of overcharges incurred more than four years preceding
the imposition of a claim" (Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 352 [2020]). "[E]xamination of the rental history of the [defendants' apartment] prior to the four-year period preceding" defendants' answer imposing counterclaims is "expressly preclude[d]" (id. at 353 [internal quotation marks omitted]). "This categorical temporal limitation on reviewable records" is called "the 'lookback' rule" (id.). The lookback rule has "a limited common-law exception . . . , permitting tenants to use [] evidence [preceding the four-year period] only to prove that the [landlord] engaged in a fraudulent scheme to deregulate the apartment" (id. at 354). Supreme Court properly found that defendants have failed to raise a material issue of fact as to the alleged fraudulent deregulation of the apartment so as to invoke the lookback rule exception. "[T]he undisputed disclosure" of the rent increases in the Division of Housing and Community Renewal registrations "negates any inference of fraud as a matter of law" (Burrows v 75-25 153rd St., LLC, 215 AD3d 105, 113 [1st Dept 2023]).
Defendants' assertion that the excessive rent included in the parties' lease renewal breached the parties' agreement and constitutes a fraudulent scheme to collect excessive rent is unavailing (see e.g. East Midtown Plaza Hous. Co. v City of New York, 218 AD2d 628, 629 [1st Dept 1995]).
Even assuming that the 2008 revocation of the preferential rent was not merely a breach of contract but also a violation of the Rent Stabilization Law and therefore void, defendants have still not established the timeliness of their rent overcharge claims under the applicable standards.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024